IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME L. GRIMES | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-17-2125 |
| MONTGOMERY COUNTY POLIICE DEPARTMENT (MCPD) | * | |
| OFFICER ROMAN, #5595 | * | |
| MCPD CHIEF OF POLICE | | |
| STATE OF MARYLAND | * | |
| Defendants. | * | |

*****

MEMORANDUM

On or about May 25, 2017, the complaint and motion to proceed in forma pauperis were filed by Jerome L. Grimes in the United States District Court for the District of Columbia. ECF Nos. 1 & 2. On June 23, 2017, United States District Court Judge Tanya S. Chutkan ordered the case transferred to this court pursuant to 28 U.S.C. § 1406. ECF No. 3. The complaint was received for filing in this court on July 28, 2017. For reasons to follow, the complaint shall summarily be dismissed and the indigency motion shall be denied.

Grimes was detained at the Montgomery County Department of Corrections and Rehabilitation in Boyds, Maryland at the time he filed the complaint. He appears to take issue with the validity of the arrest warrant "antedated" by a Montgomery County Maryland Police Officer in a criminal case involving a "bomb threat." He claims that an "extraditable" warrant was issued on February 26, 2017, without judicial approval or telephonic evidence, in violation of his due process rights. ECF No. 1, pp. 2 & 4. He seeks release from confinement and expungement of his arrest on a telephonic bomb threat. *Id*. at p. 4.

A review of the state court docket reflects that on February 26, 2017, a warrant was issued for Grimes on counts of arson/threat and making a false statement with regard to a destructive device. *See State v. Grimes*, Case No. 5D00368618 (District Court for Montgomery County). On May 11, 2017, the case was transferred to the Circuit Court for Montgomery County. On July 12, 2017, a guilty plea was entered on one count of telephone misuse and Grimes was sentenced to a three-year term, all suspended, with 105 days credit for time served. A supervised period of one-year probation was imposed. *See State v. Grimes*, Case Number 131689C; http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Further, examination of the Public Access to Court Electronic Records ("PACER") reveals that Grimes has filed hundreds of cases in the federal courts. In *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436 (N.D. Cal.), United States District Court Judge Jeffrey S. White of the Northern District of California noted that "[o]n May 18, 2000, this Court informed [Grimes] that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed in forma pauperis in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, Civil Action No. CW-00-1100 (N.D. Cal.)). Judge White further observed that "in 2003 alone [Grimes'] failure to pay the full filing fee and to state cognizable claims for relief had resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436. at ECF No. 4. Similarly, in 2007, United States District Court Judge Claudia Wilken of the Northern District of California observed that "[t]he Court had routinely granted [Grimes]leave to amend to pay the full filing fee and to state cognizable claims for relief but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *See Grimes v. Wan, et al,*. Civil Action

No. CW (PR)-07-1726 (N.D. Cal.). In the Western District of Louisiana, the District Court noted that Grimes has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous." *See Grimes v. Ms. Lewis, et al.,* Civil Action No. EEF-MLH-12-3159 (W.D. La.). This court takes judicial notice of these relevant and indisputable filings. *See Nolte v. Capital One Fin. Corp.,* 390 F.3d 311, 317 n. * (4th Cir. 2004).

Under 28 U.S.C. § 1915(e), a prisoner is prohibited from filing a civil action in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Given Grimes' filing history in federal court, he is barred under § 1915(g) from filing prisoner complaints in forma pauperis unless he can aver that he is under imminent danger of serious physical injury. The instant rambling complaint has been generously construed as a direct challenge to Grimes' arrest and extradition to Maryland. He does not allege that he is under imminent danger of serious physical injury. Grimes is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee, unless the complaint establishes that Grimes is in imminent danger of serious physical harm.

Accordingly, Grimes' motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed without prejudice by separate Order.

Date: August 14, 2017                        /S/
                                    Paula Xinis
                                    United States District Judge

3